*E-FILED - 7/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORDAN E. TAITANO, | ) | No. C 09-1804 RMW (PR) |
| Plaintiff, | ) ) | ORDER CONSOLIDATING CASES; ORDER DISMISSING WITH LEAVE TO AMEND |
| v. | ) ) | |
| ANTIOCH POLICE DEPARTMENT, et al., | ) ) | |
| Defendants. | ) ) | |
| JORDAN E. TAITANO, | ) ) | No. C 09-1805 RMW (PR) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RICHMOND POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

    The plaintiff in the above-entitled matters has filed two civil rights complaints, both appearing to arise out of a common nucleus of events. On its own motion, the court orders the cases consolidated. The consolidated case shall be entitled "In re Jordan E. Taitano Section 1983 Claims I," and shall bear the case number of the earliest filed case: C 09-1804 RMW (PR). After filing this order in each case, the clerk of the court is ordered to close the file on the other case, No. C 09-1805 RMW (PR), and terminate any pending motions therein. All future filings

Order Consolidating Cases; Order Dismissing with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Taitano804and805consdwla.wpd    1

by plaintiff with respect to the above-entitled cases shall be in the consolidated case file.

Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

## BACKGROUND

Plaintiff alleges that Richmond and Antioch police officers falsified a police report in order to arrest him. In the process, an elderly woman died and plaintiff was in danger of dying in a car accident as well. Plaintiff makes a claim of wrongful death and alleges that the events resulted in his pain and suffering and post-traumatic stress disorder. However, because plaintiff has not provided the court with sufficient information to proceed, the complaint must be dismissed with leave to amend.

## DISCUSSION

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Notwithstanding the existence of an adequate state remedy, allegations of the unlawful death of an individual may state a valid claim under 42 U.S.C. § 1983. See Smith v. City of Fontana, 818 F.2d 1411, 1414-15 (9th Cir. 1987). A wrongful death action under the Fourteenth Amendment right to due process protects *familial* relationships from unwarranted state

1  interference. Id. at 1418. The standard of culpability applicable to substantive due process
2  claims arising from the unintentional killing of an individual by law enforcement officers is
3  arbitrary conduct which shocks the conscience. See County of Sacramento v. Lewis, 523 U.S.
4  833, 845-47 (1998). The shock the conscience test may be met by showing that a defendant
5  acted with deliberate indifference or by showing that he acted with a purpose to harm the
6  decedent for reasons unrelated to legitimate law enforcement objectives. Porter v. Osborn, 546
7  F.3d 1131, 1137 (9th Cir. 2008).

8      Here, because it appears that the alleged decedent is not related to plaintiff, the wrongful
9  death claim is DISMISSED for failure to state a claim. However, this claim will be dismissed
10 with leave to amend if plaintiff can allege facts sufficient to state a claim for wrongful death
11 under the standard explained above.

12     Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must
13 allege two elements: (1) that a right secured by the Constitution or laws of the United States was
14 violated, and (2) that the violation was committed by a person acting under the color of state law.
15 See West v. Atkins, 487 U.S. 42, 48 (1988). In order for a complaint to state a claim arising
16 under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there
17 is a federal question. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.
18 1997).     Here, plaintiff fails to allege a violation of a right secured by the Constitution or
19 laws of the United States. This action cannot proceed because plaintiff has not provided the
20 court with the information necessary to determine whether a cognizable claim for relief has been
21 stated against any specifically named defendant. In the body of the complaint, plaintiff has
22 failed to include specific allegations against any of the defendants and has not identified actions
23 of the alleged responsible individual defendants.

24     A complaint that fails to state the specific acts of the defendant which violated the
25 plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil
26 Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District
27 courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in
28 their complaints. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, plaintiff's complaint fails to provide a short and plain statement regarding each claim, including the conduct of each individual defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. As such, plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634. Plaintiff should also be aware that a city or county cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Monell v.Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation).

Without this basic information, the complaint cannot proceed. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided **thirty days** in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

1. The above-entitled cases are CONSOLIDATED. The consolidated case shall be entitled "In re Jordan E. Taitano Section 1983 Claims I," and shall bear the case number of the earliest filed case: C 09-1804 RMW (PR). After filing this order in each case, the clerk of the court is ordered to close the file on the other case, No. C 09-1805 RMW (PR), and terminate any

1 pending motions therein.  All future filings by plaintiff with respect to the above-entitled cases
2 shall be in the consolidated case file.

3     2.    Plaintiff's complaint is DISMISSED without prejudice with leave to amend.

4     3.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
5 this order is filed to cure the deficiencies described above.  The amended complaint must include
6 the caption and civil case number used in this order (09-1804 RMW (PR)) and the words
7 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
8 prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**
9 **accordance with this order with result in dismissal of these claims.**

10     4.    Plaintiff is advised that an amended complaint supersedes the original complaint.
11 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
12 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
13 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
14 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

15     5.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the
16 court informed of any change of address by filing a separate paper with the clerk headed "Notice
17 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
18 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
19 of Civil Procedure 41(b).

20     IT IS SO ORDERED.
21 DATED: 7/2/09

*Ronald M. Whyte*
RONALD M. WHYTE
22 United States District Judge